UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

ERIC WAYNE HAWKINS

CRIMINAL ACTION

NO. 03-194-JVP-SCR

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2008 JUL 15 P 4: 02

BY DEPUTY CLERK

## RULING ON MOTIONS

These matters are before the court on motions by defendant, Eric Wayne Hawkins, for an "abeyance" (doc. 118) and for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(B)(2) (doc. 119). The government has opposed defendant's motion for a modification of his sentence (doc. 121). Jurisdiction is based on 18 U.S.C. § 1331. There is no need for oral argument and the matter is now submitted.

## FACTS AND PROCEDURAL HISTORY

On June 23, 2004, defendant was convicted on one count of distribution of 50 or more grams of cocaine base, and one count of distribution of five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The government filed notice pursuant to 21 U.S.C. § 851 that the defendant had two prior felony drug convictions. Defendant was therefore sentenced to the statutorily mandated sentence of life without release.[1]

---

[1] 21 U.S.C. § 841(b)(1)(A) provides in pertinent part, that "[i]f any person commits a violation of this subparagraph or of section 849, 859, 860, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a

Defendant appealed his conviction and sentence. The Court of Appeals for the Fifth Circuit affirmed defendant's conviction and sentence on August 2, 2005, noting that defendant had been sentenced pursuant to the statutory mandate of 21 U.S.C. § 841(b)(1)(a) (doc. 95, p. 4).

On December 1, 2006, defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 asserting, *inter alia*, that he received insufficient notice of the government's intent to rely on prior state convictions to enhance his sentence (doc. 97). Noting that defendant's conviction became final on October 31, 2005, the court dismissed the § 2255 motion as untimely (doc. 99).

On March 20, 2008, defendant filed the current motion for an "abeyance." On May 15, 2008, defendant filed the current motion for a modification of his sentence. Though defendant captioned the latter motion as a motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2), he alleges that the court, in imposing sentence, erroneously relied upon a prior state conviction despite the government's failure to provide timely notice of its intent to introduce the conviction to enhance his sentence. Defendant maintains that this amounted to a violation of his due process rights and asks the court to "revisit the two convictions used by the government to inflict this greater penalty of 'life' imprisonment." (See doc. 119, pp. 2-3).

---

mandatory term of life imprisonment."

"A claim arises under § 2255 when brought by a federal prisoner attacking his sentence on the ground that it resulted from a violation of his rights under the Constitution." *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006); see also *Moody Nat. Bank of Galveston v. GE Life and Annuity Assur.*, 383 F.3d 249, 251 (5th Cir. 2004) *cert. denied*, 543 U.S. 1055, 125 S.Ct. 918, 160 L.Ed.2d 779 (stating that the label attached to a motion "is immaterial; a motion's substance, and not its form, controls."). Insofar as defendant seeks in the current motion to challenge his sentence pursuant to § 2250, the motion is untimely for the reasons stated in this court's ruling on his prior motion to vacate.[2]

Defendant also seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), which provides that a court may reduce a term of imprisonment after it has been imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

18 U.S.C. § 3582(c)(2), however, by its plain language, applies only to sentences that are "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The guidelines range is unaffected by recent amendments to the "crack" quantity guidelines where the defendant was previously sentenced to the statutory mandatory minimum. See *United States v.*

---

[2] In dismissing defendant's prior motion to vacate his sentence, the court noted that his conviction became final on October 31, 2005. Thus, the one year limitation to file a motion pursuant to 28 U.S.C. § 2255 elapsed on October 31, 2006. (*See* doc. 99, p. 3).

*Jones*, 523 F.3d 881, 882 (8th Cir. 2008) (*citing* USSG § 1B1.10, 18 U.S.C.A., comment n. 1(A)(ii) ("a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).").

Because defendant was sentenced pursuant to the statutory mandate of 21 U.S.C. § 841(b)(1)(a) rather than the federal sentencing guidelines, a reduction in his term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2).

There are no other matters before this court that warrant an "abeyance."

## CONCLUSION

Accordingly, the motion by defendant, Eric Wayne Hawkins to hold any and all matters before this court in abeyance (doc. 118) is hereby **DENIED**. The motion by defendant, Eric Wayne Watkins, for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(B)(2) and 28 U.S.C. § 2250 (doc. 119), is hereby **DENIED**.

Baton Rouge, Louisiana, July 15, 2008.

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA